# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ROBERT J. ALEXANDER-CAMPOS,
    Plaintiff,
    v.
MILTON GERMAN MARIN-REYES, et al.,
    Defendants.

Case No. 22-cv-03149-PJH

**ORDER OF DISMISSAL**

Plaintiff, a detainee, filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

## DISCUSSION

**STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Although a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

**LEGAL CLAIMS**

Plaintiff states that he was attacked at a car dealership by an employee. He also states that he was improperly arrested and is currently being prosecuted by the district attorney's office which has not turned over exculpatory evidence.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances. *See Younger v. Harris*, 401 U.S. 37, 43-54 (1971). Federal courts should not enjoin pending state criminal prosecutions absent a showing of the state's bad faith or harassment, or a showing that the statute challenged is "flagrantly and patently violative of express constitutional prohibitions." *Id*. at 46, 53-54 (cost, anxiety and inconvenience of criminal defense not kind of special circumstances or irreparable harm that would justify federal court intervention; statute must be unconstitutional in every "clause, sentence and paragraph, and in whatever manner" it is applied).

To the extent plaintiff seeks money damages due to the assault from a private citizen, he is not entitled to relief under § 1983 because the employee of the car dealership was not acting under the color of state law.  Plaintiff may be able to seek relief in state court.  Nor has plaintiff demonstrated extraordinary circumstances to warrant federal court intervention in his criminal prosecution.  Plaintiff should speak to his assigned counsel regarding exculpatory evidence.

## CONCLUSION

1. This action is **DISMISSED** for failure to state claim.

2. The clerk shall close this case.

**IT IS SO ORDERED.**

Dated: July 7, 2022

    */s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge